UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADRIAN JAMES TUPPER,

        Plaintiff,                        Case No. 1:23-cv-336

v.                                          Honorable Sally J. Berens

UNKNOWN WEXSTAFF et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*. (ECF No. 6). Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Eighth Amendment claims for failure to state a claim. Plaintiff's Fourth Amendment claims against Defendants Wexstaff and Maus will remain in the case.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following MCF officials: Correctional Officers Unknown Wexstaff and Unknown Maus. (Compl., ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges that on October 29, 2022, "as [he] was returning to MCF Housing Unit (HU) 3, right at the stairs, Defendant Wexstaff and Defendant Maus quickly approached Plaintiff." (*Id.*, PageID.3.) "Plaintiff was pat[ted] down," and "[a]fter the pat down, Defendant Wexstaff told Plaintiff: 'Pull down your pants!'" (*Id.*) Defendant Maus also gave Plaintiff "a direct order to pull down [his] pants." (*Id.*) Plaintiff states that "[t]here were enormous [numbers of] prisoners stopping at the scene." (*Id.*) Plaintiff asked Defendants Wexstaff and Maus if Plaintiff could be taken "to a secluded area where it's more priva[te]," and both Defendants "said, 'No!'" (*Id.*)

Plaintiff then complied and "pulled down [his] pants to about [his] knees." (*Id.*) Plaintiff states that other prisoners in the housing unit "started laughing and whistling." (*Id.*) Defendants then "told Plaintiff to pull up [his] pants." (*Id.*) Plaintiff states that he "felt humiliated and degraded." (*Id.*) "Everywhere Plaintiff went at MCF[] after the strip search[,] prisoners asked [him] to strip for them and t[old him] that [he] could easily get raped because [he] follow[s] orders so well." (*Id.*, PageID.4.) Plaintiff states that he is "depressed and always looking over [his] shoulder wondering if [he is] going to get sexually assaulted." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants Wexstaff and Maus violated his Fourth and Eighth Amendment rights. (*See id.*, PageID.5–6.) As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.*, PageID.6–8.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

4

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Fourth Amendment Claims

Plaintiff alleges that Defendants Wexstaff and Maus violated his Fourth Amendment rights by ordering him to "pull down [his] pants," as part of a search, which was conducted in front of

5

"enormous [numbers of] prisoners [who] stopp[ed] at the scene." (Compl., ECF No. 1, PageID.3, 5–6.)

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have recognized that, under the Fourth Amendment, prisoners and detainees may be subjected to strip searches and body-cavity searches without individualized suspicion. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333–34 (2012) (rejecting the argument that correctional officials need reasonable suspicion to conduct visual body-cavity searches upon inmates at the time they are admitted to the general jail population); *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013) (noting that "suspicionless strip searches [are] permissible as a matter of constitutional law"); *see also Salem v. Mich. Dep't of Corr.*, 643 F. App'x 526, 529 (6th Cir. 2016). Nevertheless, a strip search "may be unreasonable by virtue of the way in which it is conducted." *Williams v. City of Cleveland*, 771 F.3d 945, 952 (6th Cir. 2014) (citing *Stoudemire*, 705 F.3d at 574) (holding that searches must be conducted in a manner that is reasonably related to the jail's legitimate objectives). In determining the reasonableness of a search, "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Stoudemire*, 705 F.3d at 572 (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

"There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). The Sixth Circuit has recognized some limited circumstances in which a prison strip search may implicate the Fourth Amendment. *See, e.g.*, *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992) (recognizing the facial validity of a Fourth Amendment invasion-of-privacy claim where male prisoners were

allegedly strip searched in the prison yard in the presence of other inmates and female officers). *But see Johnson v. Cowling*, No. 2:19-cv-12448, 2019 WL 4189491, at *2 (E.D. Mich. Sept. 4, 2019) (concluding that Plaintiff failed to state a Fourth Amendment claim where he did "not allege that he was searched in front of correction officers of the opposite sex, that the search was conducted in front of numerous other prisoners (records indicate that there were only two other prisoners present), or that the search was performed in an overly invasive way"). Here, although Plaintiff has by no means proven his Fourth Amendment claims, taking Plaintiff's factual allegations as true and in the light most favorable to him, the Court will not dismiss Plaintiff's Fourth Amendment claims against Defendants Wexstaff and Maus on initial review.

### B. Eighth Amendment Claims

Although not specifically articulated by Plaintiff, the Court construes Plaintiff's complaint to raise an Eighth Amendment claim against Defendants Wexstaff and Maus regarding the search in question. (Compl., ECF No. 1, PageID.5–6.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

To establish liability under the Eighth Amendment for a claim, a plaintiff must show (1) that he "objectively" was "incarcerated under conditions posing a substantial risk of serious harm," *id.* at 834, and (2) that the official acted with "deliberate indifference" to inmate safety, "meaning the official was 'subjectively aware of the risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 829,

7

834, 847). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. As relevant to Plaintiff's claims, prisoners may be strip searched under circumstances that are reasonably related to the legitimate penological interest of security and order. *See Roden v. Sowders*, 84 F. App'x 611, 613 (6th Cir. 2003) (citing *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992)).

In this action, Plaintiff alleges that by ordering Plaintiff "to pull down his pants in front of other prisoners," as part of a search, Defendants Wexstaff and Maus "caused Plaintiff . . . to endure humiliation and mental stress," in violation of the Eighth Amendment. (Compl., ECF No. 1, PageID.5–6.) As an initial matter, the Sixth Circuit has held that an Eighth Amendment claim regarding a strip search is not cognizable when the plaintiff has not alleged any physical injury from the strip search. *See Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) (citing, *inter alia*, 42 U.S.C. § 1997e(e); *Harden–Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)). Here, Plaintiff does not allege that he sustained any physical injury as related to the strip search.

Moreover, although Plaintiff alleges in a conclusory manner that Defendants Wexstaff and Maus acted "maliciously" and "wantonly" (Compl., ECF No. 1, PageID.5–6), Plaintiff fails to allege any *facts* to show that Defendants Wexstaff and Maus acted to punish Plaintiff or without a penological justification when they patted down and searched Plaintiff. Although Plaintiff alleges that he "felt humiliated and degraded" as a result of the search (*id.*, PageID.3), Plaintiff alleges no facts about why Defendants Wexstaff and Maus searched him, let alone any facts to suggest that Defendants Wexstaff and Maus conducted the search "in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun*, 319 F.3d at 939 (citations omitted). The fact that the

8

search was conducted in front of other prisoners, on its own, is insufficient to show that Defendants Wexstaff and Maus conducted the search "in a harassing manner" in violation of the Eighth Amendment. *See id.*

Furthermore, to the extent that Plaintiff intended to bring a failure-to-protect claim against Defendants Wexstaff and Maus, as explained below, he fails to state such a claim. Although Plaintiff contends that after the search, other inmates "asked [Plaintiff] to strip for them and t[old him] that [he] could easily get raped because [he] follow[s] orders so well," Plaintiff alleges no facts to suggest that Defendants were aware of the other inmates' statements following the search. (Comp., ECF No. 1, PageID.4.) Further, the sole fact that the search in question preceded the other inmates' statements does not mean that Defendants Wexstaff and Maus failed to protect Plaintiff from the later statements. As discussed above, Plaintiff fails to allege any facts to suggest that Defendants acted to punish Plaintiff or acted without a penological justification. Under these circumstances, Plaintiff has failed to allege any facts plausibly to suggest that Defendants Wexstaff and Maus were "'subjectively aware of [a] risk' and 'fail[ed] to take reasonable measures to abate it.'" *Reedy*, 988 F.3d at 912 (citation omitted).

Accordingly, for the reasons set forth above, Plaintiff fails to state an Eighth Amendment claim against Defendants Wexstaff and Maus. Plaintiff's Eighth Amendment claims, therefore, will be dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth Amendment claims will be dismissed for failure to state a claim

under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Fourth Amendment claims against Defendants Wexstaff and Maus remain in the case.

An order consistent with this opinion will be entered.


Dated:  May 9, 2023                             /s/ Sally J. Berens
                                                                  SALLY J. BERENS
                                                                  United States Magistrate Judge